UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| WEBB DAIRY & FARM, INC. ) | Case No. 11-32276 HRT |
| a Colorado Corporation ) | Chapter 11 |
| dba Rocking W Cheese ) | |
| EIN 84-1258716 ) | |
| ) | |
| Debtor. ) | |

**DEBTOR'S MOTION TO APPROVE AGREED ORDER
AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL**

Webb Dairy & Farm, Inc., as debtor in possession (the "Debtor"), moves pursuant to Sections 361 and 363 of the Bankruptcy Code, Bankruptcy Rule 4001(d) and Local Bankruptcy Rule 4001-3 for the entry of an order authorizing the Debtor to use cash collateral (as defined in the attached proposed Cash Collateral Order) for the purposes of funding its day-to-day business operations, pursuant to the terms of the attached Agreed Order Granting Motion by Debtor to Authorize Use of Cash Collateral ("Cash Collateral Order"). As grounds for this motion, the Debtor states the following:

<u>Jurisdiction</u>

1. This Court has jurisdiction over this motion under 28 U.S.C. §§ 157(b)(2)(M) and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and this motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are 11 U.S.C.A. §§ 361, 363, Bankruptcy Rules 4001 and 9014, and L.B.R. 4001-3.

<u>Relief Requested</u>

4. The Debtor seeks entry of an Agreed Cash Collateral Order authorizing it to use cash collateral pursuant to section 363 of the Bankruptcy Code, and finding that the interests of Alpine Bank (the "Bank") will be adequately protected without additional relief under sections 363(e) of the Bankruptcy Code. The Debtor does not seek, and the proposed Cash Collateral Order tendered with this motion does not contain, any relief or provisions of the kind specified in L.B.R. 4001-3APP.

## Background

5. On or about September 20, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor is operating its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. The Debtor is in the business of milking cows, producing and selling cheese, and farming 600 acres of silage, hay and corn, which is primarily consumed in Debtor's dairy operations. The Debtor is a farming business operated by Charlotte and Robert Webb, their son and a son-in-law, who collectively own 100% of the Debtor. The Debtor employs approximately 14 people.

7. Approximately 75% of Debtor's monthly income is derived from milking cows. The Debtor's other significant source of income is from the sale of cheese which it produces at its cheese factory.

8. The Debtor's operating expenses consist primarily of feed costs, farming expenses related to feed purchased, and the labor associated with caring for livestock and cheese production.

9. Based on the Debtor's current inventory and market conditions, gross monthly income is approximately $212,000. After expenses, net income for the month of September will be approximately $28,000.

10. The Debtor and Alpine Bank have negotiated an Agreed Order Granting Motion By Debtor to Authorize Use of Cash Collateral, a copy of which is attached hereto as Exhibit "A".

11. Attached hereto as Exhibit "B" is a cash flow projection that the Debtor has prepared in consultation with the Debtor's consultant, Ron Nolde. The Debtor's income and expenses as reflected in the cash flow projection (the "Budget"), represent the parties best and good faith estimates.

## Prepetition Secured Debt

12. The Debtor financed its operations with certain Credit Agreements and Promissory Notes extended by the Bank. The Debtor is indebted to the Bank in the following amounts:

   a. Original principal loan amount of $2,450,000, dated and/or effective March 8, 2007. The current principal balance is approximately $2,331,236.00;

   b. Original principal loan amount of $350,000, dated and/or effective March 8, 2007. The current principal balance is approximately $ $347,666;

    c.    Original principal loan amount of $150,000, dated and/or effective March 8, 2007. The current principal balance is approximately $150,000;

    d.    Original principal loan amount of $500,500, dated and/or effective March 8, 2007. The current principal balance is approximately $472,452;

    e.    Original principal loan amount of $203,046.58, dated and/or effective October 15, 2008. The current principal balance is approximately $208,224;

    f.    Original principal loan amount of $300,000, dated and/or effective April 7, 2009. The current principal balance is approximately $300,000.

13. The Bank asserts that it has valid, first priority, perfected liens and security interests in substantially all of the Debtor's property and assets and all proceeds, as more fully defined and described in the Commercial Security Agreements executed by the Debtor, including, without limitation, all cash collateral as defined in Section 363(a) of the Bankruptcy Code.

14. The Debtor does not believe that any party other than the Bank either has or would claim to have an interest in cash collateral.

## Basis for Relief

15. The Debtor's use of property of its estate is governed by section 363(c)(1) of the Bankruptcy Code, which provides in pertinent part as follows:

> If the business of the debtor is authorized to be operated under section … 1108 … of this title and unless the court orders otherwise, the [debtor] may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

16. Section 363(c)(2)(A) of the Bankruptcy Code permits a debtor in possession to use cash collateral with the consent of the secured party. Section 363(e) of the Bankruptcy Code requires that the debtor adequately protect the secured creditor's interest in property to be used by a debtor against any diminution in value of such interest resulting from the debtor's use of the property during the chapter 11 cases.

17. Adequate protection is always determined by the extent of the anticipated or actual decrease in the value of the secured creditor's collateral during the bankruptcy case. *In re Gallegos Group Research Corporation*, 193 B.R. 577, 584 (Bankr. D. Colo. 1995). Where a debtor desires to use cash collateral, a court must determine the

value of the creditor's interest in the cash collateral and whether the debtor's proposed use of cash collateral would impair that interest, and to what extent adequate protection is required. *Id.*

18. Here, the Debtor asserts that it is apparent the value of the Bank's collateral[1] will not be impaired, and in fact can only be maintained, by allowing the Debtor to pay for feed, labor and other products and services associated with the day-to-day operation of its business. Indeed, the Bank has agreed to Debtor's use of cash collateral subject to the adequate protection contained in and the terms of the Cash Collateral Order. In the absence of authority to use cash collateral, immediate and irreparable harm is likely to be occasioned upon assets that are vital to the estate and its creditors, including injury to or death of the livestock.

19. The Debtor does not seek unfettered discretion with respect to the use of cash collateral. It proposes to utilize cash collateral in substantial accordance with the operating budget ("Exhibit "B"), subject to the terms of the Agreed Order authorizing the Debtor to use cash collateral, a copy of which is attached hereto as Exhibit "A". The Debtor asks that the Court provide in its order that the use of cash collateral as provided therein, coupled with the continuation of whatever security interests the Bank presently has in the Debtor's inventory, accounts receivable and other assets (to the same extent, validity, priority and value of such pre-petition security interests), will provide adequate protection as required under section 363(e) of the Bankruptcy Code.

20. The Debtor requests that this Court approve the Agreed Order Granting Motion By Debtor to Authorize Use of Cash Collateral.

WHEREFORE, for the reasons herein set forth, the Debtor requests entry of a final order approving its use of cash collateral in accordance with the form of the Agreed Order and Budget attached as Exhibits to this motion.

---

[1] Debtor does not admit the validity, perfection or priority of any security interest claimed by the Bank.

DATED: September 20, 2011

                          Respectfully Submitted,

                          WEINMAN & ASSOCIATES, P.C.

                          By: \s\ Jeffrey A. Weinman
                                Jeffrey A. Weinman, #7605
                                William A. Richey, #13438
                                730 17th Street, Suite 240
                                Denver, CO 80202-3506
                                Telephone: (303) 572-1010
                                Facsimile: (303) 572-1011
                                jweinman@epitrustee.com
                                wrichey@weinmanpc.com

**9013-1 CERTIFICATE OF SERVICE OF MOTION, NOTICE AND PROPOSED ORDER**

The undersigned certifies that on September 20, 2011, I served by prepaid first class mail a copy of the **DEBTOR'S MOTION TO AUTHORIZE USE OF CASH COLLATERAL**, notice and proposed order on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED.R.BANKR.P. and these L.B.R. at the following addresses:

U.S. Trustee
999 18th Street
Suite 1551
Denver, CO 80202

Webb Dairy & Farm, Inc.
Attn: Charlotte L. Webb
5600 Highway 348
Olathe, CO 81425-9754

Alpine Bank
2770 Alpine Dr.
Montrose, CO 81401-5411

Bart B. Burnett, Esq.
Horowitz & Burnett, P.C.
1660 Lincoln St., Ste. 1900
Denver, CO 80264
*Attorney for Alpine Bank*

Lee M. Kutner, Esq.
Kutner Miller Brinen, P.C.
303 E. 17th Ave., Ste. 500
Denver, CO 80203

Montrose County Attorney's Office
Robert John Hill, County Attorney
161 S. Townsend Ave.
Montrose, CO 81401

And to the List of 20 Largest Unsecured Creditors as listed on the attached sheet.

                                            \s\ Lisa R. Kraai